# UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
## DOCKETING STATEMENT--CIVIL/AGENCY CASES

**Directions:** Counsel must make a **docketing statement (civil/agency) filed** entry in CM/ECF within 14 days of docketing of the appeal, or within the due date set by the clerk's docketing notice, whichever is later. File with the entry the (1) docketing statement form with any extended answers and (2) any transcript order form. Parties proceeding pro se are not required to file a docketing statement. Opposing counsel who finds a docketing statement inaccurate or incomplete may file any objections within 10 days of service of the docketing statement using the ECF event-**docketing statement objection/correction filed**.

| | |
|---|---|
| **Appeal No. & Caption** | 23-2204, William D. Glover, et al. v. EQT Corporation, et al. |
| **Originating No. & Caption** | 5:19-cv-00223-JPB-JPM, Glover et al v. EQT Corporation et al |
| **Originating Court/Agency** | U.S. District Court for the Northern District of West Virginia |

| **Jurisdiction** (answer any that apply) | | |
|---|---|---|
| Statute establishing jurisdiction in Court of Appeals | 28 USC 1292(e); FRCP 23(f) | |
| Time allowed for filing in Court of Appeals | 14 days | |
| Date of entry of order or judgment appealed | August 31, 2023 | |
| Date notice of appeal or petition for review filed | September 14, 2023 | |
| If cross appeal, date first appeal filed | | |
| Date of filing any post-judgment motion | | |
| Date order entered disposing of any post-judgment motion | | |
| Date of filing any motion to extend appeal period | | |
| Time for filing appeal extended to | | |
| Is appeal from final judgment or order? | ○ Yes | ◉ No |
| If appeal is not from final judgment, why is order appealable? | | |
| Appellant sought permission pursuant to FRCP 23(f) to appeal the class certification order under review. This Court granted permission to appeal in an order dated November 16, 2023. | | |

| **Settlement** (The docketing statement is used by the circuit mediator in pre-briefing review and mediation conducted under Local Rule 33. Counsel may make a confidential request for mediation by calling the Office of the Circuit Mediator at 843-731-9099.) | | |
|---|---|---|
| Is settlement being discussed? | ○ Yes | ◉ No |

1/28/2020 SCC

| **Transcript** (transcript order must be attached if transcript is needed and not yet on file) | | |
|---|---|---|
| Is transcript needed for this appeal? | ● Yes | ○ No |
| Has transcript been filed in district court? | ● Yes | ○ No |
| Is transcript order attached? | ○ Yes | ● No |

| **Case Handling Requirements** (answer any that apply) | | |
|---|---|---|
| Case number of any prior appeal in same case | | |
| Case number of any pending appeal in same case | | |
| Identification of any case pending in this Court or Supreme Court raising similar issue | | |
| | If abeyance or consolidation is warranted, counsel must file an appropriate motion. | |
| Is expedited disposition necessary? | ○ Yes | ● No |
| | If yes, motion to expedite must be filed. | |
| Is oral argument necessary? | ● Yes | ○ No |
| Does case involve question of first impression? | ● Yes | ○ No |
| Does appeal challenge constitutionality of federal or state statute in case to which federal or state government is not a party | ○ Yes | ● No |
| | If yes, notice re: challenge to constitutionality of law must be filed. | |

| **Nature of Case** (Nature of case and disposition below. Attach additional page if necessary.) |
|---|
| This is an appeal from a class certification order in a gas royalty case. The class plaintiffs alleged that: (1) EQT breached thousands of different oil and gas leases, which were entered into by different companies over decades, by failing to pay a separate royalty on downstream sales of natural gas liquids ("NGLs"); and (2) EQT fraudulently concealed how it was paying royalties on NGLs across the class. The district court certified the class on August 31, 2023.<br><br>The district court acknowledged that the class leases are ambiguous as to NGLs but found that the leases should be universally construed without regard to variations in lease language or extrinsic evidence because of the implied duty of marketability and general rules of construction. The district court also found that reliance could be presumed classwide based on its holding that West Virginia law does not require reliance for fraudulent concealment.<br><br>The district court granted Defendants' motion for summary judgment on the Lead Plaintiffs' fraud claims because, among other issues, Lead Plaintiffs failed to show evidence of reliance.<br><br>EQT sought leave to appeal under Rule 23(f). This Court granted leave. |

**Issues** (Non-binding statement of issues on appeal. Attach additional page if necessary)

The class certification order should be vacated on multiple grounds, including those set forth in EQT's 23(f) petition: (1) the district court certified plaintiffs' fraudulent concealment claims even though the class plaintiffs have individual knowledge and reliance issues, as confirmed by the district court's order dismissing the Lead Plaintiffs' fraud claims on summary judgment; (2) a class cannot be certified for underpayment of royalties because of material variations in the lease language; (3) plaintiffs have failed to show damages or concrete harm across the entire class; and (4) class membership cannot be ascertained.

**Adverse Parties** (List adverse parties to this appeal and their attorneys; provide party's address if the party is not represented by counsel. Attach additional page if necessary.)

Adverse Party: Goshorn Ridge, LLC

Attorney: Marvin W. Masters
Address: The Masters Law Firm LC
181 Summers Street
Charleston, WV 25301

E-mail: mwm@themasterslawfirm.com

Phone: 304-342-3106

Adverse Party: William D. Glover, Linda K. Glover, Richard A. Glover, & Christy L. Glover

Attorney: Robert P. Fitzsimmons
Address: Fitzsimmons Law Firm PLLC
1609 Warwood Avenue
Wheeling, WV 26003

E-mail: bob@fitzsimmonsfirm.com

Phone: 304-277-1700

**Adverse Parties (continued)**

Adverse Party: William D. Glover, Linda K. Glover, Richard A. Glover, & Christy L. Glover

Attorney: Robert J. Fitzsimmons
Address: Fitzsimmons Law Firm PLLC
1609 Warwood Avenue
Wheeling, WV 26003

E-mail: rocky@fitzsimmonsfirm.com

Phone: 304-277-1700

Adverse Party: William D. Glover, Linda K. Glover, Richard A. Glover, & Christy L. Glover

Attorney: Clayton Fitzsimmons
Address: Fitzsimmons Law Firm PLLC
1609 Warwood Avenue
Wheeling, WV 26003

E-mail: clayton@fitzsimmonsfirm.com

Phone: 304-277-1700

| **Issues** (Non-binding statement of issues on appeal. Attach additional page if necessary) |
|---|
| |

| **Adverse Parties** (List adverse parties to this appeal and their attorneys; provide party's address if the party is not represented by counsel. Attach additional page if necessary.) ||
|---|---|
| Adverse Party: William D. Glover, Linda K. Glover, Richard A. Glover, & Christy L. Glover<br><br>Attorney: Mark A. Colantonio<br>Address: Fitzsimmons Law Firm PLLC<br>　　　　　1609 Warwood Avenue<br>　　　　　Wheeling, WV 26003<br><br>E-mail: mark@fitzsimmonsfirm.com<br><br>Phone: 304-277-1700 | Adverse Party:<br><br>Attorney:<br>Address:<br><br><br><br>E-mail:<br><br>Phone: |
| **Adverse Parties (continued)** ||
| Adverse Party:<br><br>Attorney:<br>Address:<br><br><br><br>E-mail:<br><br>Phone: | Adverse Party:<br><br>Attorney:<br>Address:<br><br><br><br>E-mail:<br><br>Phone: |

| **Appellant** (Attach additional page if necessary.) ||
|---|---|
| Name: EQT Corporation; EQT Production Company; EQT Energy, LLC<br><br>Attorney: David R. Dehoney<br>Address: Michelman & Robinson, LLP<br>605 Third Avenue, 30th Floor<br>New York, New York 10158<br><br>E-mail: ddehoney@mrllp.com<br><br>Phone: (212) 730-7700 | Name: EQT Corporation; EQT Production Company; EQT Energy, LLC<br><br>Attorney: Jennifer J. Hicks<br>Address: Babst, Calland, Clements and Zomnir, P.C.<br>300 Summers Street, Suite 1000<br>Charleston, West Virginia 25301<br><br>E-mail: jhicks@babstcalland.com<br><br>Phone: (681) 205-8888 |
| **Appellant (continued)** ||
| Name: EQT Corporation; EQT Production Company; EQT Energy, LLC<br><br>Attorney: Lauren W. Varnado<br>Address: Michelman & Robinson, LLP<br>717 Texas Avenue, Suite 3125<br>Houston, Texas 77002<br><br>E-mail: lvarnado@mrllp.com<br><br>Phone: (713) 422-2121 | Name:<br><br>Attorney:<br>Address:<br><br><br><br><br>E-mail:<br><br>Phone: |

**Signature:** /s/ David R. Dehoney     **Date:** 11/28/2023

**Counsel for:** EQT Corporation; EQT Production Company; EQT Energy, LLC

---

**Certificate of Service** *(required for parties served outside CM/ECF)*: I certify that this document was served on _____ by ☐ personal delivery; ☐ mail; ☐ third-party commercial carrier; or ☐ email (with written consent) on the following persons at the addresses or email addresses shown:

|  |  |
|---|---|
|  |  |

Signature:     Date: