No. 23-2204

## UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

---

**WILLIAM D. GLOVER**; **LINDA K. GLOVER**, his wife; **RICHARD A. GLOVER**; **CHRISTY L. GLOVER**, his wife; **GOSHORN RIDGE, LLC**, Individually, and on Behalf of All Others Similarly Situated

    *Plaintiffs - Appellees*

v.

**EQT CORPORATION**, a Pennsylvania corporation; **EQT PRODUCTION COMPANY**, a Pennsylvania corporation; **EQT ENERGY, LLC**, a Delaware limited liability company,

    *Defendants - Appellants*

---

### PLAINTIFFS-APPELLEES' OBJECTIONS AND
### PROPOSED CORRECTIONS TO DOCKETING STATEMENT

---

Pursuant to Local Rule 3(b), Plaintiffs-Appellees, by the undersigned counsel, hereby submit their objections and proposed corrections to the Docketing Statement filed by Defendants-Appellants on November 28, 2013 (Dkt. No. 11):

    1)    Plaintiffs-Appellees contend this is not a case of first impression and should not be identified as such under the Case Handling Requirements section.

    2)    Defendants-Appellants' Docketing Statement includes issues related to fraud and reliance, but the District Court dismissed all fraud claims by Order dated October 16, 2023. Thus, any issues related to fraud and reliance are not part of this appeal.

    3)    Defendants-Appellants' Docketing Statement incorrectly states that the District Court determined the class leases to be ambiguous. The District Court's Class Certification Order

was not based upon any finding of ambiguity in the Class Leases. Instead, it was based upon: (1) the plain language of the Class Leases under West Virginia law and rules of construction, (2) the transaction upon which Defendants-Appellants' paid natural gas liquid ("NGL") royalties was uniformly based upon a valuation of NGLs in an alter-ego transaction irrespective of variations in Class Lease language, and (3) Defendants-Appellants' expert admitted there was no language in the Class Leases that permitted Defendants-Appellants to pay NGL royalties based upon the value placed upon NGLs in the alter ego transaction.

4) Defendants-Appellants' statement that Plaintiffs are seeking a separate royalty on downstream sales of NGLs is a mischaracterization. Plaintiffs-Appellees' claim in this case is that Defendants-Appellants should have paid NGL royalties based upon the higher amount received by Defendants-Appellants from the sale of NGLs to third party purchasers—which is how EQT pays royalties now—and not the lower value Defendants-Appellants received when the NGLs were sold in a straw transaction between their alter ego companies.

5) In light of the foregoing, Plaintiffs-Appellees propose the Nature of Case section be amended as follows:

> This is an appeal from a Class Certification Order in a natural gas liquid ("NGL") royalty case. The class plaintiffs allege that over a course of a decade, EQT breached the Class Leases through a common method of paying NGL royalties to class members based upon the heat content of the raw gas in a transaction between Defendants-Appellants' alter ego companies—which is how EQT pays now—instead of the much higher sale price Defendants-Appellants received from the sale of the NGLs to unaffiliated third parties. Finding that the class leases imposed a common royalty obligation upon EQT under West Virginia law and the facts of the case, the District Court certified the class on August 31, 2023. EQT sought leave to appeal under Rule 23(f), which this Court granted.

6) Plaintiffs-Appellees further propose the Issues section be amended as follows:

Defendants-Appellants assert the Class Certification Order should

2

be vacated on multiple grounds, including those set forth in EQT's 23(f) petition: (1) a class cannot be certified for underpayment of royalties because of material variations in the lease language; (2) plaintiffs have failed to show damages or concrete harm across the entire class; and (3) class membership cannot be ascertained.

Plaintiffs-Appellees assert the Class Certification Order was not a clear abuse of discretion for multiple reasons, including, but not limited to: (1) EQT's common obligation under the class leases as interpreted by West Virginia law and rules of construction, (2) EQT's use of a common method of payment in breach of all Class Leases irrespective of variations in lease language, (3) EQT's payment and calculation of royalties under all Class Leases based upon the transaction between alter-ego companies, (4) EQT's expert's admissions that the Class Leases do not permit royalties to be paid on a BTU basis which is how EQT paid during the Class period, (5) Plaintiffs have sufficiently demonstrated damages and concrete harm, and (6) the class is ascertainable.

                Respectfully submitted,

                */s/ Clayton J. Fitzsimmons*
                Robert P. Fitzsimmons, Esq.
                Mark Colantonio, Esq.
                Clayton J. Fitzsimmons, Esq.
                Robert J. Fitzsimmons, Esq.
                Christine Pill Fisher, Esq.
                Fitzsimmons Law Firm PLLC
                1609 Warwood Avenue
                Wheeling, West Virginia 26003
                (304) 277-1700

                Marvin W. Masters, Esq.
                April Ferrebee, Esq.
                The Masters Law Firm LC
                181 Summers Street
                Charleston, West Virginia 25301
                (304) 342-3106

                *Counsel for Plaintiffs-Appellees*

## CERTIFICATE OF SERVICE

This is to certify that on December 8, 2023, I have electronically filed the foregoing ***Plaintiffs-Appellees' Objections and Proposed Corrections to Docketing Statement*** with the Clerk of Court using the CM/ECF system, which will electronically copy opposing parties as follows:

David R. Dehoney, Esq.
Michelman & Robinson, LLP
605 Third Avenue, 30th Floor
New York, New York 10158
ddehoney@mrllp.com

Lauren W. Varnado, Esq.
Michelman & Robinson, LLP
717 Texas Avenue, Suite 3125
Houston, Texas 77002
lvarnado@mrllp.com

Jennifer J. Hicks, Esq.
Babst, Calland, Clements & Zomnir, P.C.
300 Summers Street, Suite 1000
Charleston, West Virginia 25301
jhicks@babstcalland.com

*Counsel for Defendants-Appellants*

                                            */s/ Clayton J. Fitzsimmons*
                                            Clayton J. Fitzsimmons
                                            *Counsel for Plaintiffs-Appellees*